UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
KYLE BRAGG, AS TRUSTEE, AND THE TRUSTEES OF
THE BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ NORTH PENSION FUND, AND
BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT
AND SAVINGS PLAN,

                                                                          21-cv-8745

                                 Plaintiffs,

      -against-

                                                       COMPLAINT

J.H.W. CONSTRUCTION CORPORATION a/k/a
REGENCY VILLAGE MANAGEMENT, INC.

                                 Defendant.
------------------------------------------------------------------------------X

       Kyle Bragg, as Trustee, and the Trustees of the Building Service 32BJ Health Fund,

Building Service 32BJ North Pension Fund, and Building Service 32BJ Supplemental Retirement

and Savings Plan (the "Funds"), as and for their Complaint against J.H.W. Construction

Corporation a/k/a Regency Village Management, Inc. ("Defendant") respectfully allege as

follows:

## NATURE OF ACTION

    1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health

fund, pension fund, and retirement fund, for contractual and other equitable relief under ERISA to

promptly comply with a payroll compliance audit. This Complaint alleges that by failing, refusing

or neglecting to provide the required documentation when demanded as per the Funds' rules and

regulations, Defendant violated its collective bargaining agreement (the "Agreement"), the Funds'

Declaration of Trust, and ERISA.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

(a)     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

(b)     Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

(c)     28 U.S.C. Section 1331 (federal question); and

(d)     28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.       Venue properly lies in this district under Section 502(e)(2) of ERISA (29

U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in

which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      Kyle Bragg and the Trustees are Trustees of the Funds, jointly-administered, multi-

employer, labor-management trust funds established and maintained pursuant to various collective

bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §

186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and

502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans

within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The

Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of

ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions

from employers who are parties to collective bargaining agreements with Service Employees

2

International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, pension, and retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto J.H.W. Construction Corporation a/k/a Regency Village Management, Inc. was and continues to be a New Jersey for profit corporation having a principal place of business at 820 Morris Turnpike, #301, Short Hills, NJ 07078, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Upon information and belief, at all times relevant, Defendant was party to a series of collective bargaining agreements (the "Agreement") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreement, and to follow the Funds' respective Declarations of Trust and collections policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policy require that employers also upload employee information into ESS, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Funds are able to determine what contributions are owed, and for whom. To confirm the accuracy of this

3

self-reporting, Defendant is also required by the aforementioned documents to fully cooperate in payroll compliance audits by providing all records the Funds deem necessary or desirable to conduct said audit.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if set forth fully therein.

9.     Defendant is obligated, pursuant to the terms of the Agreement, Funds' Declaration of Trust and Funds' Collection Policy, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds. If employers do not cooperate, the Funds are entitled to, *inter alia*, audit fees should litigation prove necessary to compel compliance.

10.     The Funds' Auditing Firm commenced an audit for the time period of April 1, 2017 through December 31, 2020. As part of this audit, the Auditing Firm demanded production of Defendant's complete individual earnings records, weekly payroll journals, timesheets, W-2s, state and federal quarterly payroll taxes, 940/941 federal returns, and general ledger/cash disbursements journal. These exact records are routinely sought of all employers audited.

11.     At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

12.     The failure, refusal or neglect of Defendant to comply with the aforementioned audit constitutes a violation of the Agreement between Defendant and the Union, the Funds' Declarations of Trust and Funds' Collections Policies.

13.     Accordingly, pursuant to the terms and conditions of the Agreement, Trust

Agreements and collections policies, the Funds demand an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records, and to make payment of the associated audit findings principal, interest, liquidated damages, attorney's fees, audit costs and costs of suit.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(FUND'S CLAIM FOR BREACH OF ERISA)**

14.    The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint as if set forth fully therein.

15.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements. The Agreements, Declarations of Trust and Funds' Collections Policies require Defendant to comply with payroll compliance audits.

16.    The Funds' Auditing Firm commenced an audit for the time period of January 1, 2017 through the present.

17.    At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records for the time period April 1, 2017 to December 31, 2020.

18.    Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer violation of 29 U.S.C. § 1145, the Court shall award to Plaintiffs, *inter alia*, relief that includes an Order requiring that Defendant comply with a payroll compliance audits and make payment of the associated audit findings principal, interest and liquidated damages, together with reasonable attorneys' fees, audit cost, and costs and distributions incurred in the action.

WHEREFORE, plaintiff Fund demands judgment:

a.    for an Order requiring Defendant to permit and cooperate in the conduct of an

5

audit by the Funds' auditor of the books and records of the Defendant, for the period April 1, 2017 through December 31, 2020, and to pay the associated contributions owed, plus interest, audit fees, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

   b. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
   October 25, 2021

          RAAB, STURM & GANCHROW, LLP

      By: _____
        Samuel R. Bloom (SB1988)
        Attorneys for Plaintiffs Funds
        2125 Center Avenue
        Suite 100
        Fort Lee, New Jersey
        (Tel) 201-292-0150
        (Fax) 201-292-0152